ELLIS, APPELLANT, *v.* OHIO TURNPIKE COMMISSION, APPELLEE.*

(No. 4757—Decided November 24, 1954.)

---

*Motion to certify the record overruled, March 9, 1955. Appeal dismissed, 163 Ohio St., 157.

*Messrs. Bowman, Hanna & Middleton* and *Messrs. Taylor, Cruey & Kelb,* for appellant.

*Mr. Frank C. Dunbar, Jr.,* and *Messrs. Fuller, Harrington, Seney & Henry,* for appellee.

HURD, P. J.   This is an action in equity originating in the Court of Common Pleas of Lucas County, which is here appealed for the second time.   The action was commenced by plaintiff-appellant, Cooley Ellis (hereafter referred to as Ellis), against defendant-appellee, Ohio Turnpike Commission (hereafter referred to as the commission), seeking injunctive relief to restrain the commission from proceeding with appropriation proceedings involving two fifty-acre tracts of land, property of Ellis, in Lucas County, one situated in the city of Maumee and the other in the cities of Toledo and Maumee.

In this appeal we have before us for consideration the following:

(1) A motion by the commission (appearing especially and for purposes of the motion only) to strike from the files of this cause a pleading designated "Amendment to Petition."   (2) "Demurrer to Remainder of Petition" by which the commission demurs to all of Ellis' petition excepting paragraph 10 thereof as to which the Supreme Court of Ohio entered judgment on June 30, 1954, "for the reason that it appears on the face of the remainder of the petition that it does not state facts which show a cause of action."

Before proceeding to a discussion of the issues presented by these pleadings, we think it helpful to relate briefly the history of this action to date.

This is the identical case decided by the Supreme Court of this state June 30, 1954, entitled *Ellis* v. *Ohio Turnpike Commission,* 162 Ohio St. 86, 120 N. E. (2d), 719.   A demurrer to the original petition was sustained by the Common Pleas Court and the petition dismissed.   An appeal on questions of law and fact was perfected to the Court of Appeals where the demurrer was again sustained and the petition was dismissed with prejudice, and judgment entered for the commission with costs.   The cause then came before the Supreme Court of Ohio on appeal as of right and in pursuance of the allowance of a motion to

certify. The Supreme Court reversed the judgment of the Court of Appeals and rendered final judgment for Ellis "to such an extent as will permit him to erect billboards, signs, etc., on his lands not taken for turnpike construction purposes."

With this history as a background, we shall now proceed to consider the issues raised by the pleadings in the order above set forth.

The prayer of the pleading designated "Amendment to Petition" is as follows:

"Wherefore plaintiff appellant adopts the prayer set forth in his petition herein and further prays that defendant appellee be required to definitely state and limit the lands it seeks to appropriate and that defendant appellee be permanently enjoined from appropriating the so-called abutters' rights referred to in its resolutions or asserting any rights in relation thereto or in the alternative, that such rights be defined and limited."

It appears on the face of the record that this "Amendment to Petition" was filed in the Court of Appeals on August 25, 1954, without leave of court having been obtained then or thereafter. It also appears that this proposed amendment was filed nearly a year subsequent to the commencement of the action in the Common Pleas Court and subsequent to the entry of final judgment by the Supreme Court in *Ellis* v. *Ohio Turnpike Commission, supra.* Furthermore, it appears that it was filed after the trial of the appropriation proceedings involving the same lands where judgments were rendered in favor of Ellis on verdicts in the Common Pleas Court, which judgments are now before us on appeal on questions of law.

In case No. 4777, judgment in the total sum of $44,346.50 was entered on the verdict in favor of Ellis, December 1, 1953; and in case No. 4778, judgment in favor of Ellis was entered on the verdict in the total sum of $96,825, December 28, 1953.

It is fundamental that on appeal on questions of law and fact, unless amendments are permitted or ordered by the Court of Appeals, the action must proceed upon the issues entered in the trial court. See Section 2505.21, Revised Code; 3 Ohio Jurisprudence (2d), 662 *et seq.*, Section 712, and numerous authorities therein cited.

Furthermore, this court does not have original jurisdiction in injunction proceedings and the original petition did not contain any reference to "abutters' rights" or request for more definite description of "property sought to be appropriated." In view of the present status of the proceedings, we conclude that the "Amendment to Petition" not having been seasonably filed and having been filed in this court without leave first having been obtained, and further because additional causes of action which were not presented to the trial court are attempted now to be asserted, the motion to strike the petition from the files should be granted.

We now proceed to consider the issues raised by the demurrer to the remainder of the petition. It will be noted from what has heretofore been stated, that the demurrer to the remainder of the petition excepts therefrom paragraph 10 relating to the right to prohibit the erecting of billboards, signs, etc., which was the primary question passed upon by the Supreme Court in *Ellis* v. *Ohio Turnpike Commission, supra.* The record before us shows that this court announced August 6, 1954, the granting to the commission of leave to demur or answer on or before August 16, 1954. The demurrer to the remainder of the petition applies to all parts thereof excepting the paragraph dealing with the appropriation of billboard rights, it being contended by the commission that the remaining parts of the petition do not state facts sufficient to constitute a cause of action.

It is our opinion that the remaining parts of the petition having been previously considered by the trial court, this court, and finally the Supreme Court, and the Supreme Court having entered final judgment, it necessarily follows that all issues which could or should have been determined have been determined by the rendition of final judgment by the Supreme Court in *Ellis* v. *Ohio Turnpike Commission, supra.*

Section 2505.21, Revised Code, requires that a reviewing court must pass upon all assignments of error; and, therefore, we think it must be presumed that the Supreme Court found no error as to any issue except as stated in its final judgment. The cases of *Kramer* v. *Toledo & Ohio Central Ry.,* 53 Ohio St., 436, 42 N. E., 252, and *State, ex rel. Cleveland Concession Co.,*

v. *City of Cleveland*, 89 Ohio App., 408, 102 N. E. (2d), 731, support this proposition. We find none contra.

We are further constrained to this view by that part of the opinion in the *Ellis case* which reads as follows:

"The petition filed in the Ellis case raises other questions which should probably be noticed. Such petition alleges, one, a fatal defect in the appropriation resolution by its omission to set forth the necessity for appropriating Ellis' land; two, inability of the Turnpike Commission to proceed with the appropriation because it did not first submit to Ellis its plans for the construction of the turnpike through his property to enable him to calculate the damages he would sustain thereby, and three, failure of the Turnpike Commission to negotiate with Ellis for sufficient length of time as to the price to be paid him for his land before appropriation proceedings were begun. As to the first proposition, the very adoption of the appropriation resolution indicates the necessity for the appropriation in the minds of the members of the Turnpike Commission, and the resolution is not fatally defective by omitting to state in terms that the appropriation is necessary. As to the remaining propositions, it is essentially within the discretion of the Turnpike Commission to determine whether sufficient preliminary negotiations have been had before appropriation proceedings are commenced, and certainly upon the trial of the appropriation case the land owner whose property is desired would be given ample opportunity to produce evidence as to the damages he will suffer by reason of the taking of his land and the manner of constructing the turnpike through it."

As heretofore indicated, the land in question has now been appropriated, and the sum of the judgment for the taking thereof has been paid into court, subject, however, to the appeals on questions of law in both cases now before us for determination. It should be noted also, we think, that the Supreme Court, in rendering its judgment, which it held this court should have rendered, did not remand the cause to this court for further proceedings and that therefore, as contended by the commission, this court is now limited to carrying into execution the final judgment which already stands entered by the Supreme Court.

We think it unnecessary to belabor the propositions here

involved to any further extent, other than to indicate that the factual allegations, other than those heretofore disposed of, are insufficient to support an injunction restraining the Ohio Turnpike Commission from the appropriation of appellant's properties, there being, in our opinion, an adequate remedy at law which could or should be properly asserted in the appropriation proceedings without resort to equity to restrain such proceedings.

Many authorities are cited by the parties in support of their respective positions. We think it unnecessary to enter into a discussion of these authorities, in view of our conclusion that *Ellis* v. *Ohio Turnpike Commission,* 162 Ohio St., 86, is dispositive of the issues here presented.

Therefore, the demurrer to the remainder of the petition is sustained for the reason that it appears on the face of the remainder of the petition that it does not state facts sufficient to constitute a cause of action, and the petition is dismissed.

*Judgment accordingly.*

Kovachy and Skeel, JJ., concur.

Hurd, P. J., Kovachy and Skeel, JJ., of the Eighth Appellate District, sitting by designation in the Sixth Appellate District.