**LAMNECK, Jr., Plaintiff-Appellant, v. CAIN, Clerk, Defendant-Appellee.**
**MARKOS, Plaintiff-Appellant, v. CAIN, Clerk, Defendant-Appellee.**
**JONES, Plaintiff-Appellant, v. CAIN, Clerk, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

Nos. 5334, 5349, 5361.   Decided November 16, 1955.

Richard C. Addison, Barnhart & Wehr, Columbus, for plaintiffs-appellants.

Chalmers P. Wylie, City Atty., J. Russell Leach, Senior Asst. City Atty., Columbus, for defendant-appellee.

### OPINION

By THE COURT.

The same legal questions are presented in each of the above appeals, so they will be considered together.

The appellee has filed motions in each of the above cases seeking an order dismissing the appeal for the following reasons:

1. The Court is without jurisdiction to hear the appeal.

2. The issues involved have become moot.

The record reveals that the actions herein were instituted in the Common Pleas Court and sought orders restraining the respondent who is the Clerk for the City of Columbus, Ohio, from certifying to the Council of said city the action taken by the Franklin County Board of Commissioners in favor of the annexation of certain territory to the city. Demurrers were sustained to the petitions and plaintiffs not desiring to plead further the actions were dismissed. The appeals are from these final orders. No supersedeas or appeal bonds were filed and no temporary restraining order was ever issued against this respondent. After these actions were dismissed the respondent in compliance with §709.08 R. C., forwarded a certified copy of the proceedings had before

the County Commissioners to the City Council which has now taken action annexing the said territory.

We are of the opinion that the first ground of the motion is not well taken, as our Supreme Court appears to have held otherwise in the case of **Geauga Lake Improvement Assn. v. Lozier, 125 Oh St 565, paragraphs 1** and **2** of the syllabus of which provide:

"Under §§3532, 3533, 3534 and 3535 GC, the judgment of a court of common pleas, dismissing a petition for an injunction to restrain the county recorder from making a record and certifying the transcript of proceedings for incorporation of a village, instituted under §§3516 to 3546 inclusive, GC, is reviewable in error proceedings in the Court of Appeals.

Under §§3532 and 3535 GC, the Court of Appeals has power in such error proceedings to reverse the judgment of the court of common pleas on the weight of the evidence."

The second branch of the motion, we think, is well taken. The only relief sought is to restrain an act that has been performed. Therefore the question presented has become abstract or purely academic. When such facts appear the question becomes moot. **State, ex rel. Dickman v. Defenbacher, 151 Oh St 391; State, ex rel. Dickman v. Defenbacher, 158 Oh St 104.**

It should also be noted that neither the annexation petitioners nor the City of Columbus are parties defendant in these cases; hence no relief could be obtained against them by means of any judgment; the only possible relief that could be granted would be with reference to an act that has now been performed.

The motion has become moot and the second branch of the motion will be sustained.

MILLER, PJ, HORNBECK, J, concur.
WISEMAN, J, not participating.