**CRANDALL, Plaintiff-Appellant, v. CAIN, Clerk, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5426. Decided March 21, 1956.

Thomas W. Applegate, C. Richard O'Neill, Columbus, for plaintiff-appellant.

Chalmers P. Wylie, City Atty., Russell Leach, Chief Counsel, Columbus, for defendant-appellee.

(DEEDS, J, of the Sixth District, sitting by designation in the Second District.)

**OPINION**

By DEEDS, J.

The defendant-appellee, Clerk of the City of Columbus, presents her motion to dismiss the appeal perfected by plaintiff-appellant herein.

Plaintiff commenced the proceedings in the Court of Common Pleas as an action for an injunction in relation to proceedings for the annexation of certain territory to the City of Columbus, pursuant to §709.01, et seq., R. C.

Sec. 709.07 R. C., provides as follows:

"Petition to enjoin the proceedings. If, within sixty days from the filing of the transcript, map or plat, and petition in his office as required by §709.03 R. C., the auditor or clerk of the annexing municipal corporation receives notice from any person interested that such person has presented a petition to the court of common pleas to enjoin further proceedings, such auditor or clerk shall not report to the legislative authority such transcript, map or plat, and petition, until after the final hearing and disposition of such petition."

This appeal was taken by the plaintiff from the judgment of the Court of Common Pleas dismissing the amended petition of the plaintiff, following the sustaining by that court of a demurrer to the amended petition. The pertinent allegations of the amended petition of the plaintiff are as follows:

"Plaintiff says that he is the agent for incorporation of the Village of Franklin Heights which includes the territory described in a certain petition for annexation to the City of Columbus in which Virginia E. McCarty was the agent for the petitioners and which was heard before the Board of County Commissioners of Franklin County, Ohio, on June 10, 1955, and approved. Said petition was filed in the office of the City Clerk of the City of Columbus, Ohio, on June 20, 1955.

"Plaintiff further says that he is a resident freeholder of the unincorporated area of Franklin Township and a member of the Board of Education of Franklin Local School District.

*     *     *     *     *

"Plaintiff further says that there was error in the proceedings to annex said territory in the following particulars, to wit:

"(1) An amendment was made in the description of the property to be annexed and such amendment was made without leave of the Board of County Commissioners as required by law.

"(2) The description of the premises to be annexed is inaccurate and does not conform to the map filed with the petition.

"(3) The hearing held on June 10, 1955, was not advertised according to law.

"(4) At the time of said hearing and on the date of the approval by the Board of County Commissioners there was pending before the Court of Common Pleas of Franklin County, Ohio, an action involving the incorporation of the area described in the petition for annexation said incorporation having been approved by the voters of the unincorporated area of Franklin Township of April 20, 1954, prior to the date of the filing of the petition in this case.

"(5) The Board of County Commissioners had no jurisdiction to hear and determine the petition for annexation."

The principal reasons presented for securing a dismissal of this appeal are that it does not appear, notwithstanding all of the foregoing allegations of his amended petition may be true, that the plain-

tiff would be a person interested as required by law; also, that the questions involved have been rendered moot for the reason that the annexation proceedings have been completed.

We are inclined to the view, in a consideration of the motion to dismiss, without anticipating a decision on the appeal, that the statement and citations appearing in the opinion of the Court of Appeals in **City of Cincinnati, Appellant, v. Rost et al, Appellees, etc., 92 Oh Ap 14,** are pertinent as follows:

"The principle announced in the first paragraph of the syllabus to **Trumbull County Board of Education v. State, ex rel. Van Wye, 122 Oh St 247, 171 N. E., 241,** is controlling. It is:

" 'Where power is given under the statutes to two different governmental boards to act with reference to the same subject matter, exclusive authority to act with reference to such subject matter is vested in the board first acting under the power.' " See, also, State, ex rel. Chisholm v. McKenzie, 16 C. C. (N. S.) 172, 31 C. D., 475.

See also: **State, ex rel. v. Shaver, 163 Oh St 325.**

We are also compelled to be in accord with the established principle of law that the wrongful and erroneous determination of questions involved in a controversy does not necessarily render those questions moot, as stated in the headnotes in Vonherberg v. City of Seattle et al, 20 Fed. 2nd, 247:

"1. Municipal Corporations—Taxpayer and Holder of city Utility Bonds held qualified to Challenge city's right to make Transfers from Utility funds to Railroad Fund.

"Taxpayer and holder of bonds issued by city against light and water funds held qualified to challenge by suit for injunction city's right to make transfers from such fund to railroad fund, regardless of whether question had become moot.

"2. Action—Action to enjoin improper transfer of Utility funds did not become moot because of Subsequent Transfers to pay prior improper transfers.

"Action by taxpayer and holder of bonds issued by city against light and water funds to enjoin improper transfer by city of utility funds did not become moot because of subsequent transfers after commencement of the action, to pay prior improper transfers, since wrongful transfer can not be made right, and action defeated by committing a like wrong to right the prior wrong after action is commenced, and because city council is a continuing body and its act capable of repetition.

"3. Removal of causes—Contention that separate controversy, constituting Basis of Removal to Federal Court, had become moot, held for trial, and will not be determined on Motion to Dismiss Action as moot.

"Contention that separable controversy between plaintiff and foreign corporation, constituting basis of removal of suit to federal court, had become moot, held question for determination at trial on issue of court's jurisdiction, and, if no separable controversy is established, court may then determine whether complaint should be dismissed as against all parties, or as to foreign corporation, or whether action should be re-

manded to state court, after dismissing foreign corporation from case, and matter will not be determined on motion to dismiss action on ground that it has become moot.

"4. Affidavit—Issuable Facts may not be determined on ex parte affidavits.

"Court may not determine issuable facts on ex parte affidavits."

It is stated in the opinion of the court in the Vonherberg case, supra, as follows:

"If the transfer was wrong when made, it cannot be made right and the action defeated by committing a like wrong to right the prior wrong after the action is commenced. The action may not be defeated by subsequent transfers of funds to pay prior transfers, and by repetition evade review. The city council is a continuing body, and its act is capable of repetition, and from the complaint it is threatening to continue, and the defendant's conduct confirms the complaint, and manifestly by such conduct the city may not defeat in this way the plaintiff's action 'without a chance of review.' See So. Pac. Terminal Co. v. Interstate Commerce Commission, 219 U. S., 498, 31 S. Ct., 279, 55 L. Ed., 310; McGrain v. Daugherty, 273 U. S., 135, 47 S. Ct., 319, 71 L. Ed.—, filed January 17, 1927; also, Boise City Irrg. Land Co. v. Clark (C. C. A.) 131 F. 415."

The motion to dismiss the appeal is overruled.

MILLER, PJ, HORNBECK, J, concur.

No. 5426.   Decided September 12, 1956.

## OPINION

By THE COURT.

This is an application to reconsider the opinion of this Court rendered on March 21, 1956, overruling the defendant-appellee's motion to

dismiss the appeal for the reason that the issues involved had become moot. There has been no entry filed journalizing this decision.

The record reveals that the action was one seeking to enjoin the appellee, who is the Clerk of the City of Columbus, from proceeding further in the annexation of certain territory to said city under the provisions of §709.07 R. C.; that an injunction was denied in the trial court; that an appeal was prosecuted and that during said appeal annexation of the territory to the City of Columbus was completed, there having been no temporary restraining order issued against the Clerk. It was therefore urged that the question had become moot. Under a similar state of facts this Court held in the cases of **Lamneck v. Cain**, No. 5334, 73 Abs 20, **Markos v. Cain**, No. 5349, and **Jones v. Cain**, No. 5361, that the question had become moot and similar motions were sustained. Motions to certify the records in these cases were overruled by our Supreme Court on February 8, 1956.

We therefore adhere to the pronouncements made in these cases and upon reconsideration sustain the motion for a dismissal of the appeal.

MILLER, PJ, HORNBECK, J, concur.
WISEMAN, J, not participating.