**CLAY et, Plaintiffs-Appellants, v. VIGOR et, Defendants-Appellees.**

Ohio Appeals, Tenth District, Franklin County.

No. 6151.   Decided May 26, 1959.

John J. Chester, Robert P. Duncan, W. S. Lyman, Columbus, for plaintiffs-appellants.

Earl W. Allison, Pros. Atty., Columbus, for Franklin County Recorder and Commissioners.

Russell Leach, City Atty., Alba L. Whiteside, Asst. City Atty., Columbus, for Columbus City Clerk.

## OPINION

By BRYANT, PJ.

This is an appeal on questions of law.   Agnes Cain, Columbus City

Clerk, a defendant-appellee, has moved to dismiss the appeal upon the ground that the questions involved have become moot.

The action was begun in the Common Pleas Court of Franklin County with the filing of a petition to enjoin the annexation of Hanford Village, a municipal corporation, to the City of Columbus. Plaintiffs below were Fred Clay, a taxpayer and as Mayor of Hanford Village, and W. S. Lyman, Sr., as Solicitor of Hanford Village. Defendants below in addition to said City Clerk were Harry T. Vigor, C. P. Lauderbaugh and Henry A. Koontz, as Commissioners of Franklin County, and Raymond E. Schaefer, as Recorder of Franklin County.

Shortly after the filing of the petition, after a hearing thereon, a temporary restraining order was issued staying all proceedings in furtherance of said annexation until further order of the court. Subsequently the matter came on for hearing and was submitted to the court. The court decided in favor of the defendants and ordered the petition dismissed, this decision being entered on the journal of the court below without specific reference to the temporary restraining order. On behalf of the City Clerk it is said that at the time of the journal entry dismissing the petition and in the period immediately thereafter all of the steps required to be taken to complete the annexation were taken, it being the position of the counsel for the City Clerk that the defendants were free to act due to the failure of plaintiffs below to obtain an order continuing the injunction in effect during the appeal.

Counsel for plaintiffs below apparently do not deny that the steps to complete the annexation have been taken contending that if they have been, they have been in violation of court order made at the outset of the case in the court below. Four prior cases decided in the Court of Appeals of Franklin County are referred to as authority for the position taken on behalf of the City Clerk. They are **Lamneck, J., v. Cain, No. 5334, 73 Abs 20, Markus (Markos) v. Cain, No. 5349, 78 Abs 560, 561,** Jones v. Cain, No. 5361 and **Naumovich v. Cain, No. 5514, 76 Abs 208.** In the case of **Miner v. Witt, City Clerk, 82 Oh St 237,** decided in 1910, it was held that it is not the duty of courts to answer moot questions. The syllabus in that case reads as follows:

"It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error."

In the cases of Lamneck, Jr., Markos and Jones, supra, a motion to dismiss because the issues had become moot was sustained. The court stated in a written opinion as follows:

"The only relief sought is to restrain an act that has been performed. Therefore the question presented has become abstract or purely academic. When such facts appear the question becomes moot. **State, ex rel. Dickman v. Defenbacher, 151 Oh St 391; State, ex rel. Dickman v. Defenbacher, 158 Oh St 104.**"

The only relief sought in the petition in the court below was an injunction restraining said Commissioners, said Recorder, the City of Columbus and said City Clerk "restraining them from proceeding fur-

ther and taking further action in the annexation of Hanford Village to the City of Columbus."

In light of what has been said, it would appear that the annexation proceedings were carried to their final completion after the journal entry of the court below dismissed the petition.

We have been unable to find and, it has not been pointed out to us. where any affirmative steps were taken by plaintiffs below to enjoin or restrain the completion of the annexation.

It would appear therefore that the motion to dismiss is well taken and must be sustained.

DUFFY, J, concurs.
MILLER, J, not participating.