ANDERSON ET AL., APPELLANTS, *v.* BOARD OF EDUCATION OF
LOGAN COUNTY ET AL., APPELLEES.

(No. 1027—Decided November 1, 1962.)

*Messrs. Meredith, Meredith & Tait,* for appellants.
*Mr. Robert E. Dunlap,* prosecuting attorney, and *Mr.
Brown W. Pettit,* for appellees.

*Per Curiam.* This appeal is now before this court on a
motion of the appellants, hereinafter referred to as plaintiffs,
for a temporary injunction.

Plaintiffs, who are qualified electors and taxpayers residing in the Huntsville Local School District, Logan County, instituted an action in the Common Pleas Court of Logan County to enjoin the defendant Board of Education of Logan County from certifying to the Board of Elections of Logan County a proposal for transferring territory from the Huntsville Local School District to the Indian Lake Local School District of Logan County, such proposal being contained in petitions signed by persons purporting also to be qualified electors of the area to be affected by the proposed transfer. Thereafter, on application of the plaintiffs, the trial court issued a temporary restraining order restraining the board of education from certifying the proposal to the board of elections. Subsequently, on its own motion, the trial court ordered the ''temporary injunction heretofore issued'' dissolved. Thereupon, the board of education certified the proposal to the board of elections and plaintiffs filed an amended petition naming the board of elections an additional party defendant and seeking to enjoin the defendants from proceeding further with an election on the said proposal. Upon issue being joined and after hearing on the merits, the trial court denied the injunction and dismissed the petition. Plaintiffs have filed their appeal herein on questions of law and fact and, concurrently with the perfecting of their appeal, filed the motion for a temporary injunction pending a hearing and judgment on the merits.

At the hearing on this motion counsel for plaintiffs and defendants stipulated that the motion should be determined upon the transcript of evidence adduced before the trial court, including all the exhibits thereto, as if the same parties were introducing the same evidence in this court.

Plaintiffs contend that a temporary injunction should be granted by this court temporarily enjoining an election on the proposal hereinbefore mentioned, which election will, unless enjoined, take place on November 6, 1962, for four stated reasons:

(1) The petition is not in proper form.

(2) The petition was not filed at the office of the county superintendent and he did not give his receipt therefor as required by law.

(3) Plaintiffs are entitled to the relief prayed for because

there is no showing that the necessary and proper signatures of qualified electors voting at the last general election were obtained, and the certificate from the board of elections shows on its face that the school board had no legal jurisdiction to proceed further.

(4) The county board of education had no right to act upon the petition as the same question had been previously submitted to the electors.

The duty of an appellate court with respect to the determination of whether or not a temporary injunction should be allowed pending determination of an appeal is not the same as the duty of a trial court in determining whether or not a temporary injunction should be allowed before an action is heard on its merits. This is particularly so in actions wherein the trial court has, following hearing on the merits, denied an injunction. As stated in 29 Ohio Jurisprudence (2d), 460, Injunctions, Section 223:

"The granting of injunctive relief during the pendency of the appeal is a matter lying within the discretion of the reviewing court, and is to be determined in accordance with the procedure indicated by statute and in accordance with the general principles pertaining to the issuance of provisional injunctions. The view has been expressed that a reviewing court should not grant a temporary injunction pending a hearing on appeal after the trial court has dissolved a temporary injunction, unless the rights of the parties have been quite clearly ascertained, the situation being different from that arising on an application made in the court of original jurisdiction, inasmuch as the trial court has fully considered the matter and determined it adversely to the claim of the plaintiff, and its action should not be reversed until the appellate court has fully considered the questions involved upon the hearing, unless some manifest injury is likely to arise if the restraining order is not issued."

Of this statement we approve, and we consider it equally as applicable to appeals on questions of law and fact as to appeals on questions of law only, for, in either case, the matter has been fully considered by the trial court and determined against the party seeking the injunction.

Tested by this rule, a temporary injunction should not be

granted pending hearing on the merits of this appeal "unless the rights of the parties have been quite clearly ascertained."

With respect to plaintiff's first contention that the petition is not in proper form, reference to Section 3311.22, Revised Code. pursuant to which the petition for transfer was filed, shows that the statute does not prescribe any particular form of petition except that it proposes "the transfer of a part or all of one or more local school districts to an adjoining local school district or districts within the county school district." The petition herein met this requirement and this court is of the opinion that the requirements of form for an initiative petition, as contended by plaintiffs, do not apply to a petition for transfer under the provisions of Section 3311.22. An initiative petition initiates legislation and the petition herein merely proposes the transfer of a school district.

As to plaintiffs' second contention, the evidence on which this motion was submitted shows that the petition was filed with the county superintendent at a meeting of the county board of education, and that he immediately took the petition to his office in the same building, where it was kept on file until he caused the board of elections to check the sufficiency of signatures thereon. In the opinion of this court this constitutes substantial compliance with the provision of the statute that "any petition of transfer * * * filed under the provisions of this section shall be filed at the office of the county superintendent of schools." To conclude otherwise would disenfranchise the petitioners on the basis of a technicality and we have not found the law to be so strict that an injunction in equity must lie when such a technicality is not observed.

As to plaintiffs' third contention, Section 3311.22 provides, in respect to the determination of qualification of petitioners that "the county superintendent shall cause the board of elections to check the sufficiency of signatures on any petition of transfer * * * filed under the provisions of this section and, if found to be sufficient, he shall present the petition to the county board of education at a meeting of said board * * * ."

It will be observed, and it is the opinion of this court, that the statute neither provides for the manner in which the board of elections shall check and determine the sufficiency of signa-

tures on any petition nor does it prescribe that their determination shall be certified in a particular manner, if at all. In an action for an injunction to prevent an election on a proposal for transfer under Section 3311.22, when the sufficiency of signatures of petitions is placed in issue, such sufficiency is a matter of evidence. See *State, ex rel. Carmean,* v. *Board of Education of Hardin County,* 170 Ohio St., 415, 421, construing a similar statute. The only evidence herein on the sufficiency of signatures is the testimony of one Eileen Miksch, Clerk of the Logan County Board of Elections, who testified on direct examination that the petition was examined to determine whether the signatures which appear thereon were "qualified electors of Huntsville Local School District," and that the board of elections determined that the number of signatures equal to 55 per cent of the number of people who voted in the Huntsville Local School District at the last general election for Governor was 266.

On cross-examination, counsel for plaintiffs obtained from the clerk affirmative answers to the following consecutive questions: "So that the only thing the board was concerned with was the number of signatures, is that correct?" and "All the board certified to was the number of signatures?" At such time he also obtained a negative answer to the question, "And whether they ever voted or not was not certified?" This cross-examination, however, occurred in the course of the hearing on the motion prior to the direct examination, and, if it can be said that there was any change in the testimony of the clerk, the change was from the testimony on cross-examination to the testimony on direct examination.

It will be observed further that the foregoing questions asked by counsel for plaintiffs on cross-examination were directed to a so-called certification made by the board of elections and the answers to such questions, when considered in such reference, are not necessarily inconsistent with the answer thereafter adduced on direct examination hereinbefore referred to.

We are, therefore, of the opinion that there is substantial evidence of probative value of such weight and preponderance to prevent this court from clearly ascertaining that the signers of the petition were not of such qualification and number as to satisfy the requirements of Section 3311.22. For the foregoing

reasons we cannot grant a temporary injunction upon the third reason contended for by plaintiffs.

As to the fourth contention of plaintiffs, the evidence shows that there have been other recent elections, even within the last year, wherein the electors voted against the proposed transfers of territory and that the territory now proposed to be transferred is "a part or all of the territory included in a petition previously filed by electors."

Section 3311.22 also provides that "if a petition is filed with the county board of education which proposes the transfer of a part or all of the territory included in a petition previously filed by electors no action shall be taken on such new petition."

In our opinion, the above paragraph applies only to prevent action on a new petition proposing a transfer of territory when action on another petition proposing a transfer of territory is still pending. To hold, as claimed by plaintiffs, that the filing of a previous petition involving the same territory would prevent action on a new petition would in many cases wholly defeat transfers of territory under the provisions of Section 3311.22, for, in many cases, each petition filed includes a part or all of the territory included in a petition previously filed. We do not think that it was the legislative intent to prevent for all time a transfer of territory of a school district when a similar transfer has been at some time previously defeated.

As it cannot be clearly ascertained that the plaintiffs have the right to enjoin the election on the proposed transfer this court must conclude that the motion for a temporary injunction should be, and the same hereby is, overruled.

*Motion overruled.*

GUERNSEY, P. J., MIDDLETON and YOUNGER, JJ., concur.

(Decided May 15, 1963.)

ON MOTION to dismiss.

*Per Curiam.* An appeal to this court on questions of law and fact was perfected by notice of appeal filed October 20, 1962, and appeal bond filed October 23, 1962. A motion for

temporary injunction pending appeal was heard in this court on October 30, 1962. On November 1, 1962, the motion was overruled for the reasons stated in the *per curiam* opinion filed on that date. Reference is made to that opinion for a statement of the facts and the claims of appellants.

Subsequent thereto an election was held on November 6, 1962, as provided by Section 3311.22, Revised Code, on the proposal for transfer of the school district territory concerned. Thereafter, on January 31, 1963, appellants were ordered to show cause why the appeal herein should not be dismissed for the reason that same presents a moot question and a hearing on such order was had on February 21, 1963. At this hearing it was the contention of appellants that nothwithstanding the election sought to be enjoined had been held, the transfer had been approved by the electors and there thereby still exists an issue maintainable on this appeal as to the validity of the transfer proceedings.

The prayer of the amended petition on which the cause was tried is as follows:

"Wherefore plaintiffs pray that the defendants shall be immediately enjoined from proceeding further upon the alleged petition and be enjoined from placing the issue proposing to transfer the Huntsville Local School District to the Indian Lake School District upon the ballot at either a general or special election and that upon final hearing said injunction be made permanent and for all other and further relief to which said plaintiffs may be entitled either in law or in equity."

The journal entry of judgment of the trial court reads, in pertinent parts, as follows:

" * * * The court finds that the defendants are properly before the court, the issues fully made up and that from the evidence the petition is not sustained.

"It is therefore ordered, adjudged and decreed that the amended petition be dismissed * * *."

The basic jurisdiction of this court on appeal is determined by Section 6, Article IV of the Constitution, providing that the court shall have "such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments * * * of courts of record inferior to the Court of Appeals within the district." This constitutional provision necessarily limits this

court in any appeal, whether the appeal be on questions of law only or whether it is, or can be, on questions of law and fact, to the identical theory and issues heard and considered by the trial court. See 3 Ohio Jurisprudence (2d), 42, 614 and 662, Sections 186, 664 and 712, and cases therein cited. See, also, *Ellis* v. *Ohio Turnpike Commission*, 100 Ohio App., 10; and *Spitz* v. *Volibar Realty Co.*, 75 Ohio Law Abs., 526.

However, in this action the prayer of the petition has a double-barreled effect. Injunction was sought against each of the defendants at the time of hearing, namely the Board of Education of Logan County and the Board of Elections of Logan County, "from proceeding further upon the alleged petition." It being pleaded by plaintiffs, and appearing at the time of trial and now, that the board of education had already certified the proposal to the board of elections, the sole issue determined by the trial court as to the board of elections was whether it should proceed with the conducting of an election on the issue of transfer. On the other hand, should the election be successful, the board of education had further duties to perform under the provisions of Section 3311.22, Revised Code, by making "such transfer at any time prior to the next succeeding July 1." It does not appear in our record that the board of education has made such transfer and we must presume, in the absence of such knowledge, until at least July 1, 1963, that the board of education has not exhausted its functions in this regard.

Such being the case, the judgment of the trial court refusing the injunction was equivalent to a finding that the proceedings *which had occurred prior to the election* were sufficient in legal effect to satisfy all the conditions precedent, then existing, to the board of elections proceeding to conduct the election and to the board of education proceeding to conclude the transfer proceedings after a successful election.

Therefore, the holding of the election made the issues presented by pleadings and the evidence moot as to the defendant board of elections. See *Miner* v. *Witt, Clerk*, 82 Ohio St., 237; *State, ex rel Snyder,* v. *Board of Elections of Lucas County*, 146 Ohio St., 556; *Lamneck* v. *Cain, Clerk*, 73 Ohio Law Abs., 20; *Crandall* v. *Cain, Clerk*, 75 Ohio Law Abs., 137, and *Naumovich* v. *Cain*, 76 Ohio Law Abs., 208 (m.c.o. 1/30/57). How-

ever, on the assumption hereinbefore noted that the board of education has not completed its functions with relation to the transfer, the collateral issue, within the scope of the trial court's determination, as to whether the conditions precedent then existing to the board of education "proceeding further" had been satisfied has not, by virtue of said election, become moot. To the extent presented by the pleadings and the evidence to be considered upon this appeal this issue may, if same does not hereafter become moot, be determined by this court following a hearing of this appeal on its merits.

However, if it should appear that subsequent to said election the board of education has completed its functions with relation to the transfer then, in that event, this appeal would become moot.

It is therefore the judgment of this court that the appeal shall not be dismissed at this time by reason of mootness.

*Motion overruled.*

MIDDLETON, P. J., YOUNGER and GUERNSEY, JJ., concur.