**BRANSON, Plaintiff, v. CAIN, Clerk, Defendant.**

Common Pleas Court, Franklin County.

No. 194081. Decided July 5, 1956.

22

Earnhart & Wehr, Wm. E. Knepper, for plaintiff.
Russell Leach, City. Atty., for defendant.

## OPINION

By DRAPER, J.

This case was submitted to this Court on a stipulation of facts. The stipulation was that the transcript of proceedings of the Board of County Commissioners for annexation of territory in Marion Township to the City of Columbus may be admitted in evidence in this cause as plaintiff's Exhibit "A." The case involves the annexation of some 142 acres in Marion Township in which there were only two freeholders living who signed the petition.

At the pre-trial it was agreed that only two questions should be submitted to the Court by way of briefs (1) irregularity and shape of annexation so as to exclude those not in favor of annexation (2) that said annexation would decrease the taxes available for schools and (3) one which has since come before the court,—Did the plaintiff prove his interest in maintaining this action? We will discuss the third point first.

The Court overruled a demurrer to the petition on the grounds that there were allegations which showed an interest in the plaintiff in maintaining this action. There was no evidence presented nor any evidence included in the stipulation of fact to show this interest. In order for a plaintiff to maintain such type of action, he must not only show his interest in the action but how the alleged annexation adversely affects his legal rights. See Markos v. Cain, No. 191.704, Court of Common Pleas, Franklin County, Ohio. The plaintiff in this case has failed to show by evidence or stipulation of fact her interest so as to maintain this particular action. While there were allegations in the petition which, if they had been substantiated by evidence, might have established her interest, the failure to present evidence on these allegations leaves the Court in the dark as to what was the interest of the plaintiff. This Court must find that the plaintiff has not maintained the issues on her part to be maintained in showing a right to bring this action and judgment must be rendered for the defendant. See Rousch v. Barthalow, 165 N. E. (2d) 85.

While this point determines the issues, the Court will discuss the other points raised at the pre-trial and in the briefs of the parties.

The next point is that the irregularity and shape of annexation to be annexed is such as to make the decision of the County Commissioners erroneous in granting this annexation to the City of Columbus.

The purpose of the statutes in making irregularity of the boundaries a grounds for denying the annexation is to prevent what has been commonly called "jerry mandering" but it was not intended that every boundary of territory to be annexed should not have some irregularity inasmuch as survey lines would have to follow property lines to avoid cutting through the center of someones property merely to make the lines square. Thus the Court is left with the duty, in looking at the map of the territory to be annexed, to say that there was a deliberate attempt to create a Jerrymander section which would make it difficult to establish improvements or to do the other things necessary to make it an integral part of the subdivision to which it would be annexed. This Court cannot say, by looking at the map, that the irregularity of the lines of the territory to be annexed are such that would show a design or a plan to create a territory commonly called "jerry mandering" and without other evidence to show that the intent in making the lines irregular was illegal, this point would not be grounds for declaring the annexation illegal.

The next point was the question whether the taking of this territory would be detrimental to the school system of Marion Township. There is no evidence in the case of the effect of the taking of this land upon the

school system of Marion Township. The Court cannot take judicial notice of any facts that are not presented to substantiate the issue by the plaintiff and since the burden of proof is upon the plaintiff to prove the issues, this Court finds that there is no evidence on this point whereby it might predicate a judgment declaring said annexation illegal because of its effect upon the Marion Township School District. See **Pickelheimer v. Urner, 45 Oh Ap 343** and **Crandall v. Cain, No. 193,241.** Court of Common Pleas, Franklin County, Ohio, **OA 75 Abs 134, 137.**

Another point raised by the plaintiff but which was not included in the questions raised at the pre-trial, was that the resident freeholders who signed the petition did not live on territory adjacent to the corporation line of the City of Columbus. It was not the intent or the purpose of the law that only the territory occupied by the signers of a petition for annexation should be adjacent to the corporation to which the territory was to be annexed, but rather, that they should be residents of territory which joined with other territory in the area to be annexed would be adjacent to the corporation to which it was to be annexed. The reason for using the term "adjacent" was that you cannot create islands in a county which would not be attached to or adjacent to the corporation so that the matter of policing and control would be difficult.

It is not necessary that the property of the petitioner be adjacent to the city so long as the territory to be annexed is adjacent to the city.

The plaintiff's petition is hereby dismissed and the temporary restraining order is dissolved; plaintiff to pay the costs.

Entry may be drawn accordingly.