WEBSTER ET AL., APPELLANTS, *v.* SERROTT, CITY CLERK, APPELLEE.

[Cite as Webster v. Serrott, 7 Ohio App. 2d 67.]

(No. 8386—Decided July 19, 1966.)

*Mr. Robert A. Wilcox* and *Mr. Jacob A. Schlosser,* for appellants.

*Mr. John C. Young,* city attorney, *Mr. Alba L. Whiteside* and *Miss Georgena Howell,* for appellee.

DUFFEY, J. Appellee has moved to dismiss the appeal as moot. Appellants have requested an oral hearing. We consider such a hearing unnecessary in this case.

The action commenced as one in injunction to prevent the

acceptance of an annexation of territory to the city of Columbus. The only step remaining to complete annexation was acceptance by the city council. The Common Pleas Court journalized an order dismissing the injunction action. No temporary injunction was then in effect. A certified copy of the court's order was provided the city clerk. He proceeded to present the transcript and other papers to the council, and an ordinance accepting the annexation was adopted.

Upon a review of the statutes, it is our opinion that the dismissal entry and lack of any restraining order removed any inhibition upon the right and power of the city council to pass an ordinance accepting the annexation. We consider the furnishing of a certified copy of the court order to be a sufficient compliance with Section 709.08, Revised Code. In any event, notice in the form provided for by that statute is not, in our opinion, jurisdictional or a prerequisite to the city council's power to adopt an ordinance of acceptance. Accordingly, the case has become moot.

If appellee wishes to take the issues as to Section 709.08, Revised Code, to the Supreme Court, his rights will not be affected by the sustaining of the motion to dismiss. Dismissal is, of course, a final order and appealable.

An entry of dismissal specifying the grounds may be submitted.

*Appeal dismissed.*

BRYANT, P. J., concurs.
DUFFY, J., dissents.