IN RE LONG, PETITION FOR ANNEXATION OF LAND.

(No. 284482—Decided December 10, 1970.)

Common Pleas Court of Summit County,

*Mr. Glen B. Morgan* and *Messrs. Zidar, Morgan, Oakar & Burns,* for petitioner, William Frew Long.

*Mr. James V. Barbuto,* prosecuting attorney, and *Mr. John D. Smith,* for Board of County Commissioners.

*Mr. Dennis H. Markusson* and *Messrs. Weick & Genovese,* for Twinsburg Township Board of Trustees.

MAHONEY, J. This cause is on for hearing on the appeal of William Frew Long as petitioner from a decision of the Summit County Commissioners denying his petition to annex 78.27 acres of his township land to the village of Macedonia. The appeal is properly taken pursuant to R. C. Chapter 2506.

The transcript as filed by the clerk did not contain any testimony of those who appeared and testified before the commissioners, but did contain various letters, resolutions, etc., of opinions by the Village Council, Township Trustees, County Sanitary Engineer, and Tri-County Planning Commission. Upon the request of the petitioner for good cause, this court did permit additional oral testimony by the petitioner and an engineer, M. A. Picone, who is engineer for the village of Macedonia, as well as the city of Twinsburg.

The transcript reflects further that the only witnesses heard were the petitioner, attorney Ed Smolk opposing annexation on behalf of the city of Twinsburg, and attorney Dennis Markusson opposing annexation on behalf of the Township Trustees. The theme of the Township Trustees was that they hoped the whole township land would eventually be annexed to the city of Twinsburg. The objections of the city of Twinsburg to the annexation are not set forth as recorded testimony and may in fact have been withdrawn.

The county commissioners found all the necessary requirements for annexation under R. C. 709.033, except they did not find that "the general good of the territory to be annexed will be served if the annexation is granted."

The physical facts are that the land in question is contiguous to the village of Macedonia and is all owned

by the petitioner, who also owns considerable adjacent lands which lie within the village of Macedonia. Coincidentally, the petitioner is the mayor of the village of Macedonia, and his testimony indicates that he has generally used the land for farming, but now desires to develop the land in question as an industrial park together with other land that he owns that lies within the village.

The Tri-County Planning Commission as well as the County Sanitary Engineer did not go on record as either favoring or opposing the proposed annexation.

Under the law as it was prior to the amendment of R. C. Chapter 709 in 1967, the commissioners were given virtually sole and unlimited discretion on questions of annexation, and the only standard was R. C. 707.07, which provided, "It is right that the prayer of the petition be granted."

However, the amendments to the Code in 1967 now provide under R. C. 709.033 that the commissioners must find "the general good of the territory to be annexed will be served if the annexation is granted."

The word "good" when used as a noun means happiness, prosperity, or welfare. The word "territory" being an inanimate object is certainly not capable then of having a "general good," and therefore when we speak of territory as used in R. C. 709.033, the Legislature must have meant the owners and inhabitants of the territory.

The petitioner here is the sole owner and, therefore, his desires and intentions as to the happiness, prosperity and welfare of the territory should be given some weight and significance.

Considerable testimony was offered as to the benefits of police, fire, storm sewer, sanitary sewer, building and zoning regulations, and other benefits of participating and belonging to the village of Macedonia. The only thing contrary was the resolution of the Twinsburg Township Trustees to the effect that they feel the area should eventually be annexed to the city of Twinsburg.

Therefore, I am finding that the commissioners' decision was arbitrary and unreasonable and is not supported

by the preponderance of reliable probative evidence, and therefore the appeal of the petitioner should be granted and this cause remanded to the Summit County Commissioners to enter orders consistent with the findings and opinion of this court pursuant to R. C. 2506.04.

It is hereby ordered that the attorney for the commissioners prepare a judgment entry in accordance with this finding.