THE STATE, EX REL. BOARD OF TRUSTEES OF SPRINGFIELD TOWNSHIP, *v.* DAVIS, COUNTY AUDITOR, ET AL.

[Cite as State, ex rel. Bd. of Trustees, *v.* Davis (1982), 2 Ohio St. 3d 108.]

(No. 82-1078—Decided December 29, 1982.)

---

[1] The Gilchrist II petition was one of four annexation petitions previously considered by this court in *Holcomb* v. *Bd. of Commrs.* (1980), 62 Ohio St. 2d 241 [16 O.O.3d 278].

---

[2] In pertinent part, Civ. R. 62 provides:

"(B) Stay upon appeal. When an appeal is taken the appellant may obtain a stay of execution of a judgment or any proceedings to enforce a judgment by giving an adequate supersedeas bond. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is approved by the court.

"(C) Stay in favor of the government. When an appeal is taken by this state or political subdivision, or administrative agency of either, or by any officer thereof acting in his representative capacity and the operation or enforcement of the judgment is stayed, no bond, obligation or other security shall be required from the appellant."

[3] In pertinent part, App. R. 7(A) provides:

"Application for a stay of the judgment or order of a trial court pending appeal, or for the determination of the amount of and the approval of a supersedeas bond, must ordinarily be made in the first instance in the trial court. A motion for such relief or for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal may be made to the court of appeals or to a judge thereof, but, except in cases of injunction pending appeal, the motion shall show that application to the trial court for the relief sought is not practicable, or that the trial court has, by journal entry, denied an application, or failed to afford the relief which the applicant requested. The motion shall also show the reasons for the relief requested and the facts relied upon, and if the facts are subject to dispute the motion shall be supported by affidavits or other sworn statements or copies thereof. * * *"

*Messrs. Vorys, Sater, Seymour & Pease, Mr. John C. Elam* and *Mr. James H. Hedden,* for relators.

*Mr. Robert D. Pritt,* law director, and *Ms. Patricia C. Ambrose,* for respondent mayor of Akron.

*Per Curiam.* Relators argue the court of appeals construed R.C. 709.07 as the sole avenue by which to preserve their appeal from the court of common pleas and that this construction denies relators a meaningful and effective appeal to which they are entitled.

R.C. 709.07 provides, in pertinent part:

"(A) Within sixty days from the filing of the papers relating to the annexation with the auditor or clerk as provided by division (D) of section 707.04 or by section 709.033 of the Revised Code, any person interested, and any other person who appeared in person or by an attorney in the hearing provided for in section 709.031 of the Revised Code, may make application by petition to the court of common pleas praying for an injunction restraining the auditor or clerk from presenting the annexation petition and other papers to the legislative authority. *The petition of a person interested shall set forth facts showing*:

"(1) How the proposed annexation adversely affects the legal rights or interests of the petitioner;

"(2) *The nature of the error in the proceedings before the board of county commissioners pursuant to section 707.04, 709.032, or 709.033 of the Revised Code, or how the findings or order of the board is unreasonable or unlawful.*" (Emphasis added.)

Examination of R.C. 709.07 indicates that relators' reliance thereon, as a basis for the instant action in mandamus, is without merit. By its express provisions, the statute contemplates injunctive relief for persons interested in a proposed annexation who assert "error in the proceedings before the board of county commissioners." In the cause *sub judice,* relators prevailed before the Summit County Council and concede the absence of error before that authority. Furthermore, contrary to relators' assertion, the court of appeals did not rely on R.C. 709.07 as a basis for declining to issue a stay of execution. Instead, the court held that since the Akron City Council passed the ordinance accepting the annexation and the city officials had fully complied with the provisions of R.C. Chapter 709, there was no act or proceeding which remained to be stayed. Thus, the request for the stay was held moot. We agree.

It is well-established that absent an injunction or order staying further action, "the adoption by the city council of an ordinance accepting annexation renders moot a case seeking to enjoin annexation." *Garverick* v. *Hoffman* (1970), 23 Ohio St. 2d 74, 81 [52 O.O.2d 371]; *Walker* v. *Serrott* (1968), 14 Ohio St. 2d 54, 55 [43 O.O.2d 118]. See, also, *Miner* v. *Witt* (1910), 82 Ohio St. 237; *Webster* v. *Serrott* (1966), 7 Ohio App. 2d 67 [36 O.O.2d 158]; *Crandall* v. *Cain* (1956), 75 Ohio Law Abs. 134; *Lamneck* v. *Cain* (1955), 73 Ohio Law Abs. 20.

Unlike *Garverick* and *Walker, supra,* the present action was not initiated subsequent to the denial of a petition seeking a temporary injunction under R.C. 709.07. Rather, landowners, whose annexation petition was denied by the Summit County Council, perfected an appeal to the court of common pleas pursuant to R.C. 2506.01.[4] Without question, R.C. 2506.04[5] provides an avenue of appeal by which relators could have obtained appellate review of the judgment of the court of common pleas, prior to this action having become moot.

We wish to emphasize that subsequent to the final order of the court of common pleas on April 21, 1982, until city council's enactment of the annexation ordinance on June 28, 1982, relators possessed several options. First, under Civ. R. 62(B), a stay was available upon request from the court of common pleas which would have prevented this cause from becoming moot. Second, a *timely* stay under the provisions of App. R. 7 could have been sought from the court of appeals. Neither course, however, was pursued despite the abundance of precedent which compels us to agree with the court of appeals that this action was rendered moot on June 28, 1982, the date city council adopted Ordinance No. 415-1982, accepting the annexation.

For the foregoing reasons, the writ of mandamus is hereby denied.

*Writ denied.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

---

[4] In pertinent part, R.C. 2506.01 provides:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the common pleas court of the county in which the principal office of the political subdivision is located, as provided in sections 2505.01 to 2505.45, inclusive, of the Revised Code, and as such procedure is modified by sections 2506.01 and 2506.04, inclusive, of the Revised Code."

[5] R.C. 2506.04 provides:

"The court may find that the order, adjudication or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication or decision, or remand the cause to the officer or body appealed from with instructions to enter an order consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law pursuant to sections 2505.01 to 2505.45, inclusive, of the Revised Code."