IN RE ANNEXATION OF THE TERRITORY OF RIVEREDGE TOWNSHIP TO THE CITY OF FAIRVIEW PARK.

CITY OF CLEVELAND, APPELLANT, *v.* CITY OF FAIRVIEW PARK, APPELLEE.

(Nos. 52721 and 52722—
Decided February 1, 1988.)

APPEALS: Court of Appeals for
Cuyahoga County.

*Marilyn G. Zack,* director of law,
and *Donald F. Black,* for appellant city
of Cleveland.

*Baker & Hostetler, Gary L. Breynton, Paul P. Eyre* and *Thomas R. Lucchesi,* for appellee landowners of
Riveredge Township.

*Savage, Zito, O'Malley & Gill* and
*Thomas O'Malley,* for appellee city of
Fairview Park.

DYKE, J. On November 19, 1984,
a petition for the annexation of
Riveredge Township was filed with the
Board of County Commissioners of
Cuyahoga County. This petition was
filed by a majority of the landowners in
the township, and requested that the
township be annexed to the city of
Fairview Park.

On February 4, 1985, a hearing
was held by the board of county commissioners, and on April 26, 1985, the
petition was approved by the board. On
May 3, 1985, the appellant, the city of
Cleveland, filed a notice of appeal of
the board's decision in common pleas
court (our case No. 52721). In addition,
on June 5, 1985, the appellant filed an
action in the same court for a permanent injunction pursuant to R.C.
709.07 (our case No. 52722). In this action, the appellant prayed that the city
of Fairview Park be enjoined from taking any action to accept the annexation
of Riveredge Township.

On July 9, 1985, the parties in the
injunction action stipulated that that
case would be dismissed without prejudice on the date a decision was
reached in the appeal from the decision
of the board of county commissioners.

On August 16, 1985, both cases
were consolidated. On September 30,
1986, the trial court affirmed the
board's annexation order, and dismissed the injunction action pursuant
to the parties' stipulation.

On the same date, the appellant
filed notices of appeal in this court as
to both cases. Pursuant to a motion of
the appellant, on September 30, 1986,
this court issued a stay of the trial
court's judgment. On October 6, 1986,
the city of Fairview Park passed an ordinance which accepted the annexation. Appellee landowners of Riveredge Township have now moved to
dismiss both of appellant's appeals.

Appellee landowners first argue
that the appeal from the board of commissioner's decision should be dismissed as being moot because Fairview Park has accepted annexation.
See *State, ex rel. Bd. of Trustees,* v.
*Davis* (1982), 2 Ohio St. 3d 108, 111, 2
OBR 658, 660, 443 N.E. 2d 166, 168
(absent an injunction or order staying
further action, the adoption by the city
counsel of an ordinance accepting annexation renders moot a case seeking
to enjoin annexation). Appellee Fairview Park claims that since it was not a
party to the appeal from the decision of
the board of county commissioners, it
was not bound by the stay issued in
that case; and, thus, it properly accepted annexation.

Appellees' arguments are untenable. The breadth of our stay is much
greater than the appellees would have

it. It is our opinion that a stay issued by this court suspends the force and effect of both the trial court's judgment and any underlying previous order issued in the same case by an inferior tribunal. Holding otherwise would make the issuance of a stay granted in a case such as this meaningless.

Our holding is buttressed by statements made by the Supreme Court in *State, ex rel. Bd. of Trustees,* v. *Davis, supra.* In that case, the party aggrieved by the county council's order denying annexation appealed that order to the court of common pleas. After that court reversed the county council's order denying annexation, the party opposing annexation appealed to the court of appeals. The appellant never requested a Civ. R. 62(B) stay pending appeal; a motion for an App. R. 7 stay was denied. Prior to the time the appeal was heard, the annexing municipality accepted the annexation, thus causing the appeal to be moot. In denying a writ of mandamus to the appellant, the Ohio Supreme Court noted that the appellant had several remedies which would have prevented the annexing city from accepting the annexation. Specifically, the court stated:

"* * * Without question, R.C. 2506.04 provides an avenue of appeal by which * * * [appellant] could have obtained appellate review of the judgment of the court of common pleas, prior to this action having become moot.

"We wish to emphasize that subsequent to the final order of the court of common pleas on April 21, 1982, until city council's enactment of the annexation ordinance on June 28, 1982, * * * [appellant] possessed several options. First, under Civ. R. 62(B), a stay was available upon request from the court of common pleas which would have prevented this cause from becoming moot. *Second, a timely stay under* *the provisions of App. R. 7 could have been sought from the court of appeals.* * * *"* (Footnote omitted and emphasis added.) *Id.* at 111, 2 OBR at 660-661, 443 N.E. 2d at 168-169.

Here, the court recognized that a stay granted under App. R. 7 in an appeal from an order granting annexation would prevent the municipality from accepting the annexation.

Pursuant to the above, we conclude that this court's order of September 30, 1986 stayed the force and effect of both the trial court's judgment and the board of commissioners' order. Hence, the order of the board was not in effect when the city of Fairview Park passed its ordinance accepting annexation on October 6, 1986. Since this order was not in effect, the application for annexation was not properly placed before the Fairview Park City Council under R.C. 709.04. Therefore, that city's attempt to accept the annexation in violation of our stay is void. Appellee landowner's motion to dismiss case No. 52721 is overruled.

Appellee landowners also argue that the appeal of the judgment in the injunction action should be dismissed because the appellant voluntarily stipulated to its dismissal below. "* * * [W]here both parties have agreed, with the court's approval, to enter into stipulations for the record, and no objections to taking this action were made, this court will not consider appellant's objection on appeal." *Patterson* v. *Patterson* (July 22, 1982), Cuyahoga App. No. 43707, unreported, at 6. Further, it is well-established in Ohio that a party may not appeal a judgment to which he has agreed. *Jackson* v. *Jackson* (1865), 16 Ohio St. 163. Finally, it is the general rule that no appeal may be taken of a voluntary dismissal. *Vic Tanny Internatl. of Cleveland, Inc.* v. *Car-*

*rabine* (Apr. 23, 1981), Cuyahoga App. No. 42220, unreported.

Pursuant to the above, since the appellant stipulated to the dismissal of its injunction action, it may not now appeal that decision. Therefore, the motion to dismiss this case is well-taken and is granted. Case No. 52722 is hereby dismissed.

In regard to the merits of case No. 52721, the appellant assigns five errors to the trial court. The appellant's first assignment of error is:

"The trial court erred in finding that the Carneys, as tenants-in-common, have three annexation votes by reason of their undivided one-third interests in a single parcel."

In order for the board of county commissioners to approve a petition for annexation, a majority of landowners within the territory to be annexed must sign the petition for annexation. At the time the petition for annexation was presented to the county commissioners in this case, one of the parcels of property in the township was owned by Jeanette Carney, Virginia Carney, and Estelle Gorsuch as tenants in common. Each of these individuals signed the petition for annexation. As a result of this, the petition was signed by a majority of landowners in the township by a margin of five to three. The appellant argues under this assignment of error that since these individuals only owned one piece of township property amongst them, their three signatures should only have been counted as the signature of one landowner for purposes of the annexation petition. The appellant further argues that if the signatures of the above persons had been counted as that of only one landowner, then the petition for annexation would have been deficient because it would have been signed by only three of the six landowners in the township.

R.C. 709.02 provides in part:

"The owners of real estate adjacent to a municipal corporation may, at their option, cause such territory to be annexed thereto * * *.

"* * *

"As used in sections 709.02 to 709.21 and 709.38 and 709.39 of the Revised Code, 'owner' or 'owners' means any adult individual seized of a freehold estate in land who is legally competent * * *."

As the above statute makes clear, an owner for purposes of an annexation petition is any adult person seized of a freehold estate in land. Consequently, the only issue relevant to this assignment of error is whether the above individuals were each freeholders of their township property.

A copy of the deed which created the co-tenancy of Jeanette Carney, Virginia Carney, and Estelle Gorsuch was submitted to the board of commissioners. This deed shows that the property at issue was transferred to the above petitioners in fee simple. "A fee simple is the highest right, title and interest that one can have in land. It is the full and absolute estate in all that can be granted." *Masheter* v. *Diver* (1969), 20 Ohio St. 2d 74, 49 O.O. 2d 350, 253 N.E. 2d 780, paragraph one of the syllabus. Further, " '[a]n estate in fee simple is where a man has an estate in lands or tenements to him and his heirs forever.' " *Huntington Association, Inc.* v. *Tax Comm.* (C.P. 1941), 21 O.O. 526, 530, 7 Ohio Supp. 70, 74, citing 1 Thompson on Real Property (1924) 781, Section 663.

" 'A "freehold" estate is an interest in real property, the duration of which is not fixed by a specified or certain period of time, but must, or at least may last during the lifetime of some person.' " *Id.* at 530, 7 Ohio Supp. at 74, citing 1 Thompson on Real Property, *supra,* Section 660, at 778. Since the duration of an estate in fee simple is not limited, it is a freehold

estate. Indeed, as another court has stated, "[i]n defining the word 'freehold' * * * it is * * * our duty to give it the common law definition, and that is: * * * 'A freehold is an estate for life or in fee simple.'" *Morrow* v. *Wittler* (1924), 25 Ohio N.P. (N.S.) 85, 88. Since these petitioners owned their township property in fee simple, they owned a freehold estate.

Finally, it is without question that the Carneys and Gorsuch held their township property as tenants in common. "'[T]enants in common are such as hold by several and distinct titles, but by unity of possession * * *.'" (Emphasis deleted.) *Tabler* v. *Wiseman* (1853), 2 Ohio St. 207, 210, citing II Blackstone, Commentaries on the Laws of England 191, Chapter XII. Since each of these petitioners held distinct titles to their mutually owned township property, and since this property was held as an estate in fee simple, each of them was seized of a freehold estate. Therefore, under R.C. 709.02 each individual was entitled to sign the petition for annexation in his own right. Accord 1971 Ohio Atty. Gen. Ops. No. 71-004. Hence, appellant's first assignment of error is without merit and is overruled.

Appellant's second assignment of error is:

"The trial court erred in entering judgment for Fairview [Park] because none of the petitioners owns land adjacent to Fairview [Park] as required by R.C. Section 709.02."

The first sentence of R.C. 709.02 provides that, "[t]he owners of real estate adjacent to a municipal corporation may * * * cause such territory to be annexed thereto * * *." None of the signatories of the petition to annex Riveredge Township to Fairview Park owned property in Riveredge Township which bordered Fairview Park. Because of this, appellant argues that none of the petitioners was an owner of real estate adjacent to Fairview Park; and, thus, the petition was invalid under R.C. 709.02.

On its face, the plain language of the first sentence of R.C. 709.02 would seem to allow only those landowners whose property borders the annexing city to sign a petition for annexation. The second sentence in this statute, however, shows that this interpretation was not intended by the legislature. The first paragraph of R.C. 709.02 further provides:

"The owners of real estate adjacent to a municipal corporation may, at their option, cause such territory to be annexed thereto, in the manner provided by sections 709.03 to 709.11 of the Revised Code. *Application for such annexation shall be by petition, addressed to the board of county commissioners of the county in which the territory is located, and signed by a majority of the owners of real estate in such territory.* * * *" (Emphasis added.)

As can be seen, the second sentence explains the requirements for filing a petition for annexation. This sentence makes it clear that the petition need contain only the signatures of a majority of the owners of the real estate within the territory to be annexed.

R.C. 709.033 also shows the intent of the legislature in this matter. This statute spells out the conditions under which the board of county commissioners must order annexation. This section provides in part:

"After the hearing on a petition to annex, the board of county commissioners shall enter an order upon its journal allowing the annexation if it finds that:

"(A) The petition contains all matter required in section 709.02 of the Revised Code.

"(B) Notice has been published as required by section 709.031 of the Revised Code.

"(C) *The persons whose names are subscribed to the petition are owners of real estate located in the territory in the petition, and as of the time the petition was filed with the board of county commissioners the number of valid signatures on the petition constituted a majority of the owners of real estate in the territory proposed to be annexed.*

"(D) The municipal corporation to which the territory is proposed to be annexed has complied with division (B) of section 709.031 of the Revised Code.

"(E) The territory included in the annexation petition is not unreasonably large; the map or plat is accurate; and the general good of the territory sought to be annexed will be served if the annexation petition is granted." (Emphasis added.)

Pursuant to the above statute, if the board makes all the required findings, it must enter an order allowing the annexation. If the legislature had intended that an annexation petition contain the signature of a freeholder whose property bordered the annexing municipality, then this requirement would have been listed as a necessary finding under the above code section. However, R.C. 709.033 requires no such finding by the board. Consequently, this statute illustrates that it was not the intent of the legislature to require that an annexation petition contain the signature of a freeholder whose property borders the city to which annexation is proposed.

In light of the above, we hold that an application for annexation filed with the county commissioners is valid under R.C. 709.02 so long as a majority of freeholders within the territory to be annexed have signed that petition. We further hold that such an application is valid regardless of whether any of its signers owned property bordering the municipality to which annexation is proposed. Accord *Bd. of Twp.*

*Trustees* v. *Horn* (1981), 2 Ohio App. 3d 170, 2 OBR 186, 441 N.E. 2d 628; *Branson* v. *Cain* (C.P. 1956), 76 Ohio Law Abs. 21, 146 N.E. 2d 892. Pursuant to our holding, the appellant's second assignment of error is without merit and is overruled.

Appellant's third assignment of error is:

"The trial court erred in entering judgment for Fairview [Park] because the annexation petition fails to comply with R.C. Section 709.02 in that the township trustees had no authority to petition for annexation."

At the time the Trustees of Riveredge Township signed the petition for annexation, none of them resided in the township. Appellant argues that because of this fact, the trustees' signatures on the annexation petition were void for lack of authority. However, this argument was not advanced in the lower court. As this court has stated, "[a] party may not assert a new legal theory for the first time before the appellate court." *AMF, Inc.* v. *Mravec* (1981), 2 Ohio App. 3d 29, 32, 2 OBR 32, 34, 440 N.E. 2d 600, 603. Consequently, this assignment of error is without merit and is overruled.

Appellant's fourth assignment of error is:

"The commissioners and court erred in approving annexation because the petitioners failed to meet their burden of proof in the annexation proceeding that it was in the best interests of all [that] the land in Riveredge [Township] * * * be annexed to Fairview [Park]."

In order for the board of county commissioners to enter an order allowing annexation, it must make a finding, pursuant to R.C. 709.033(E), that the "general good of the territory sought to be annexed will be served * * *." In this case, the board made such a finding. Under this assignment of error,

the appellant argues that the trial court erred in concluding that the board's finding was supported by the preponderance of substantial, reliable and probative evidence.

R.C. 2506.04 sets forth the standard of review to be applied by the court of common pleas in an appeal from a decision issued by a political subdivision. This section provides:

"The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law * * *."

*In re Annexation of 1,544.61 Acres* (1984), 14 Ohio App. 3d 231, 233-234, 14 OBR 259, 261-262, 470 N.E. 2d 486, 490, illuminates a trial court's standard of review further, and also notes the scope of an appellate court's review:

"The standard of review provided by R.C. 2506.04 is that the common pleas court must weigh the evidence before it to determine whether there exists a preponderance of reliable, probative and substantial evidence to support the decision made by the agency from which the appeal is taken. *Dudukovich* v. *Housing Authority* (1979), 58 Ohio St. 2d 202 [12 O.O. 3d 198]. While the inquiry is essentially a legal question as to the presence or absence of the necessary quantum of evidence, it is a hybrid form of review; it inevitably involves a consideration of the evidence, in the sense of weighing of the relative evidentiary value of the testimony and exhibits, and in the sense of considering whether the administrative determination rests upon inferences improperly drawn from the evidence. Thus, to a limited extent, a substitution of judgment by the reviewing common pleas court is permissible. *Univ. of Cincinnati* v. *Conrad* (1980), 63 Ohio St. 2d 108, 111 [17 O.O. 3d 65]. In determining whether that standard of review was correctly applied by the common pleas court, however, this court has a limited function, which does not involve a determination as to the weight of the evidence. Our inquiry is limited to a determination of whether we can say, as a matter of law, that there did exist a preponderance of reliable, probative and substantial evidence to support a finding that the annexation territory is not unreasonably large. * * * *Dudukovich, supra,* at 207, 208."

As the above explains, our standard of review is limited to a determination of whether as a matter of law there existed a preponderance of reliable, probative, and substantial evidence to support the findings of the trial court. In order to determine whether a lower court's judgment is supported by a preponderance of the evidence, a reviewing court must necessarily determine whether that judgment is against the weight of the evidence. Indeed, within the context of an appellate review of a case in which the burden of proof is by a preponderance of the evidence, the terms "manifest weight of the evidence" and "preponderance of the evidence" are synonymous: If a judgment is against the manifest weight of the evidence, it is against the preponderance of the evidence; and, if a judgment is against the preponderance of evidence it also is against the manifest weight of the evidence.

When an appellate court is called

upon to determine whether a trial court's judgment is against the weight of the evidence, that appellate court may not weigh the evidence. An appellate court's review as to this issue is limited: "Judgments supported by some competent, credible evidence * * * will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578, syllabus. Since the above-discussed terms are synonymous for the purposes of our review, it follows that if a lower court's decision is supported by competent, credible evidence, then a reviewing court should not reverse that judgment as being against the preponderance of the evidence.

In addition, we comprehend no meaningful distinction between the terms "substantial, reliable, and probative evidence," and "competent, credible evidence." Therefore, these terms are interchangeable. Since the legislature has chosen to use the term "substantial, reliable, and probative evidence" in prescribing the type of evidence necessary to support a board's findings, we hold that we will not reverse a lower court's determination as to the preponderance of the evidence in an R.C. 2506.04 appeal when that determination is supported by substantial, reliable, and probative evidence.

Further, under *Dudukovich* v. *Housing Authority* (1979), 58 Ohio St. 2d 202, 12 O.O. 3d 198, 389 N.E. 2d 1113, we must determine as a matter of law whether the lower court's decision was supported by a preponderance of the evidence. As a result of all the foregoing, we hold that if the lower court's decision is supported by substantial, reliable, and probative evidence, then we must conclude as a matter of law that the trial court was correct in holding that the board's decision was supported by a preponderance of the evidence.

In light of these holdings, the facts in this case must now be analyzed. The record reflects that the following pertinent evidence was submitted to the board of county commissioners to support the annexation petition.

The petitioning landowners submitted their affidavits to the board of county commissioners. All of these landowners stated in their affidavits that they wished that Riveredge Township would be annexed to the city of Fairview Park. Further, all of these petitioners stated that the annexation would be beneficial to the township property because of the municipal services offered by Fairview Park.

In his affidavit, township landowner Thomas Najjar also stated that the proposed annexation would benefit his property because Fairview Park would allow commercial development of the land.

The Trustees of Riveredge Township also submitted affidavits to the board. In their affidavits, the trustees stated that the proposed annexation to Fairview Park would be beneficial to township property because the township's ability to provide services was deteriorating, and Fairview Park could provide adequate services to township property.

Further, a copy of Fairview Park Resolution No. 84-37 was submitted to the board of county commissioners. This resolution detailed the services Fairview Park would provide to township property if the annexation took place.

Finally, a copy of a regional planning study prepared by Kory Koran for the city of Fairview Park was submitted to the board. This study indicated that office buildings, industrial parks, and automobile parking lots could be developed on the township property.

We conclude that the documents submitted to the board were substantial, reliable, and probative evidence in support of the board's finding that the annexation of Riveredge Township to Fairview Park would serve the general good of the township property. Thus, we cannot reverse the trial court's determination that the board's finding was supported by a preponderance of the substantial, reliable, and probative evidence. Therefore, the appellant's fourth assignment of error is overruled.

Appellant's fifth assignment of error is:

"The proceedings below violated Cleveland's right to a hearing on appeal."

At the hearing before the board of commissioners, the petitioners' agent submitted as evidence in support of the annexation the affidavits of both the petitioning landowners and the Trustees of Riveredge Township. Appellant argues under this assignment of error that the trial court should have held a hearing pursuant to R.C. 2506.03, and allowed the appellant to cross-examine the persons whose affidavits were considered by the board.

R.C. 2506.03 provided in part:

"The hearing of such appeal shall proceed as in the trial of a civil action but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears on the face of said transcript or by affidavit filed by the appellant that:

"* * *

"(B) The appellant was not permitted to appear and be heard in person or by his attorney in opposition to the order appealed from:

"* * *

"(3) To cross-examine witnesses purporting to refute his position, arguments and contentions[.]"

In this case, the transcript of the board's hearing reflects that the appellant was not afforded an opportunity to cross-examine the persons whose affidavits were considered by the board. Therefore, this case fell under the R.C. 2506.03(B)(3) (now [A][2][c]) exception to the rule that a trial court is limited to a review of transcript. The appellant brought this matter to the court's attention when the appellant filed a motion requesting a hearing. Pursuant to the above statute, the trial court should have held a hearing and allowed the appellant to call the above-mentioned affiants as witnesses for purposes of cross-examination. The trial court's failure to admit additional evidence in accord with R.C. 2506.03 was erroneous.

Further, this error was not harmless. Most of the evidence used to support the board's finding that the annexation would serve the territory's general good was set forth in the affidavits submitted to the board. If the appellant could have cross-examined these affiants, it could have tested their reasons for signing the petition. At the least, cross-examination would have revealed the extent to which these affiants' actions were motivated by their interest in the general good of the township property. And indeed, the petitioners' intent is material to the issue of whether the annexation would serve the general good of the property to be annexed. See *Lariccia v. Mahoning Cty. Bd. of Commrs.* (1974), 38 Ohio St. 2d 99, 67 O.O. 2d 97, 310 N.E. 2d 257; *Toledo Trust Co. v. Bd. of Commrs. of Lucas Cty.* (1977), 62 Ohio App. 2d 121, 16 O.O. 3d 265, 404 N.E. 2d 764; *In re Annexation of Territory in Olmsted Twp.* (1984), 14 Ohio App. 3d 260, 14 OBR 289, 470 N.E. 2d 912; *In re Long* (1970), 26 Ohio Misc. 6, 55 O.O. 2d 57, 268 N.E. 2d 822. Since most of the evidence relied on by the board was contained in the affidavits submitted by the petitioners

and township trustees, any impeachment of those affiants as to their motivation and intentions could have had an impact as to whether the board's finding was supported by a preponderance of the substantial, reliable, and probative evidence.

Finally, the appellant did not waive its right to cross-examine the affiants by not raising the issue at the board's hearing. Generally, a party waives his right to allege error on appeal when that party did not object at the time the error occurred. See *State* v. *Williams* (1977), 51 Ohio St. 2d 112, 5 O.O. 3d 98, 364 N.E. 2d 1364, paragraph one of the syllabus, vacated as to death penalty (1978), 438 U.S. 911. Further, if a party does not object to alleged errors made at an administrative hearing, he waives his right to raise those errors on appeal. See *Stores Realty Co.* v. *Cleveland* (1975), 41 Ohio St. 2d 41, 70 O.O. 2d 123, 322 N.E. 2d 629; *Zurow* v. *Cleveland* (1978), 61 Ohio App. 2d 14, 15 O.O. 3d 21, 399 N.E. 2d 92.

In this case, however, the board of county commissioners committed no error in considering the affidavits of the petitioners and township trustees even though the appellant was afforded no opportunity to cross-examine those affiants. R.C. 709.032 specified the manner in which annexation hearings must be conducted. In pertinent part, this statute provides that, "[a]ffidavits presented in support of or against the prayer of such petition shall be considered by the board." In contrast, this section makes no provision for the cross-examination of persons whose affidavits have been submitted to the board. Consequently, even if the appellant had objected at the board's hearing, under the explicit language of R.C. 709.032 the affidavits would still have been properly considered by the board of county commissioners. Since it was not error for the

board to consider this evidence, there was no legitimate ground upon which the appellant could have objected to it. Therefore, there never existed error in this regard for the appellant to either assert or waive.

R.C. 2506.03 set forth the appellant's only avenue for the cross-examination of the affiants in this case. Hence, the appellant had no right to cross-examine those persons until it brought its R.C. Chapter 2506 appeal. After the appellant filed its appeal, it sought to assert this right by filing a motion requesting that the court hold a hearing. This motion also informed the court of the R.C. 2506.03(B)(3) deficiency in the board's transcript. Since the appellant attempted to assert its right to cross-examine the affiants when that right arose, it did not waive its right to a hearing for that purpose.

Pursuant to the above, the judgment of the trial court in case No. 52721 must be reversed and the cause remanded for a hearing after which the trial court should review the evidence in accordance with *Dudukovich* v. *Housing Authority, supra.* Appellant's fifth assignment of error is well-taken.

The appeal in case No. 52722 is dismissed. The judgment of the trial court in No. 52721 is reversed, and the cause is remanded for proceedings consistent with this opinion.

*Judgment accordingly.*

CORRIGAN, J., concurs.

PRYATEL, J., concurs in judgment only.

CORRIGAN, J., concurring. I concur with the holding herein that the injunction issued by this court stayed the order below and thus rendered the action of the Council of the city of Fairview Park void. Further, I agree that

this matter must be remanded for a hearing in which appellant may cross-examine the witnesses and it is my opinion that all the interested parties may offer new or additional evidence. *Dudukovich* v. *Housing Authority* (1979), 58 Ohio St. 2d 202, 206-207, 12 O.O. 3d 198, 201-202, 389 N.E. 2d 1113, 1116-1117; *Cahill* v. *Dayton Bd. of Zoning Appeals* (1986), 30 Ohio App. 3d 236, 237, 30 OBR 394, 395, 507 N.E. 2d 411, 413 (both construing R.C. 2506.03).