CITY OF CLEVELAND, Appellant,

v.

CITY OF FAIRVIEW PARK et al., Appellees.

[Cite as *Cleveland v. Fairview Park* (1989), 65 Ohio App.3d 85.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55898.

Decided Oct. 17, 1989.

*Marilyn G. Zack,* Director of Law, *Heather Graham–Oliver* and *Catherine J. Janik,* Assistant Directors of Law, for appellant.

*McNeal, Schick, Archibald & Biro Co., L.P.A.,* and *Donald F. Black,* for appellant.

*Thomas O'Malley* Law Director, for appellee Fairview Park.

*Baker & Hostetler, Gary L. Bryenton, Paul P. Eyre,* and *Thomas R. Lucchesi,* for appellees Petitioning Landowners of Riveredge Township.

_____

ANN MCMANAMON, Chief Justice.

The city of Cleveland ("Cleveland") unsuccessfully sought a declaration in the trial court that the city of Fairview Park ("Fairview") passed Ordinance No. 88–7 in contravention of a court order prohibiting such action and in violation of a promise, stipulated in court, by Fairview. Cleveland now presents a timely appeal citing two assignments of error.

Cleveland essentially argues that Fairview Ordinance No. 88–7 is void because a stay order issued by this court in *In re Annexation of the Territory of Riveredge Twp. to Fairview Park* (1988), 46 Ohio App.3d 29, 545 N.E.2d 1287, barred Fairview from accepting the annexation of Riveredge Township. The basis of Cleveland's claim is that, by reason of our order, a previously stipulated stay on annexation proceedings was revived.

Fairview and the petitioning landowners of Riveredge Township ("landowners") contend that the ordinance is valid and urge that, since annexation is complete, this appeal is moot.

For the reasons adduced below we hold the annexation is void.

On November 9, 1984, the landowners, pursuant to R.C. 709.02 *et seq.,* filed a petition for annexation requesting that Riveredge Township be annexed to Fairview. Only Cleveland, which owned a majority of the land in Riveredge Township, entered an appearance in opposition to the annexation.

The Cuyahoga County Board of Commissioners granted the requested annexation the following year in Resolution No. 517351. Cleveland filed two separate appeals of the board's decision in the common pleas court. The first ("the R.C. Chapter 2506 appeal") sought reversal of the decision pursuant to R.C. Chapter 2506 and R.C. 307.56. Fairview was not a party to this appeal. The second appeal was an R.C. Chapter 709 injunction action seeking to prohibit Fairview from proceeding with the annexation.

On July 9, 1985, the parties in the R.C. Chapter 709 injunction action signed and filed two stipulations. In the first, the "Stipulation for Stay of Proceedings," Fairview agreed not to take any further action to effect the annexation of Riveredge Township to Fairview "until such time as Cleveland's Appeal is heard and decided." In the second, the "Stipulation For Dismissal and Judgment Entry," Cleveland agreed to dismiss the R.C. Chapter 709 injunction action "on the date that a decision is rendered" in the R.C. Chapter 2506 appeal. Judge William F. Brown signed both stipulations.

In conjunction with these two stipulations, Judge Brown issued an order filed on July 9, 1985, entitled "Journal Entry For Stay of Annexation Proceedings," whereby Fairview was restrained from "(1) presenting the annexation application to the Council of the City of Fairview Park, Ohio; or (2) taking any action thereon until final hearing and disposition of Cleveland's Section 709.07 petition." Further, all proceedings in the R.C. Chapter 709 injunction action were stayed until a decision was rendered in the R.C. Chapter 2506 appeal.

Cleveland's two actions were consolidated by the trial court, which affirmed the annexation order in the R.C. Chapter 2506 appeal and consequently, pursuant to the stipulation of the parties, dismissed the R.C. Chapter 709 injunction action. Cleveland filed separate appeals of each decision to this court, which consolidated them. We also granted motions for a stay, a temporary restraining order and an injunction pending appeal. In an entry dated October 17, 1986, a panel of this court specifically enjoined all parties from taking any action to accomplish an annexation to any city of all or any part of the disputed area. These injunctions were to remain in effect until a resolution of the merits of the appeals.

On January 21, 1988, this court announced its decision granting Fairview's motion to dismiss the R.C. Chapter 709 injunction action, but reversing and remanding the R.C. Chapter 2506 action for a hearing pursuant to R.C. 2506.03. *In re Annexation, supra.* Pursuant to App.R. 26, this decision became the judgment of the court ten days from the announcement date. As January 31, 1988 was a Sunday, App.R. 14(A) mandates that the ten-day period runs "until the end of the next day which is not a Saturday, Sunday or a legal holiday." Therefore, this court's judgment became final at the end of the day, Monday, February 1, 1988. Black's Law Dictionary (5 Ed.1979) 357 defines the "civil day" as:

"The solar day, measured by the diurnal revolution of the earth, and denoting the interval of time which elapses between the successive transits of the sun over the same hour circle, so that the 'civil day' commences and ends at midnight."

During the evening of February 1, 1988, at its regular council meeting, Fairview passed Ordinance No. 88-7, which reaccepted the annexation of Riveredge Township, in contravention of this court's injunction.

On February 2, 1988, Cleveland filed the present lawsuit contending that the passage of the February 1 ordinance was invalid. The same day Cleveland moved for and was granted a temporary restraining order on any actions leading toward annexation. The trial court granted preliminary injunctions on all annexation actions on February 29, 1988, thereby restraining the parties until the final resolution of all matters in this case.

The trial court held that Cleveland was required by law to seek injunctive relief before the February 1 adoption of Ordinance No. 88–7 by Fairview and, in not doing so, it failed to protect its R.C. Chapter 2506 appeal. For this reason, the court found Ordinance 88–7 to be valid and effective to complete the annexation of Riveredge Township. We disagree.

This court's injunction on the annexation proceedings was effective until its judgment became final at the end of the day, February 1, 1988. Therefore, Cleveland had no reason to seek further injunctive relief before February 2. Further, Fairview's action during the pendency of the appeal was a contempt of this court as it was intended to destroy jurisdiction by rendering the action moot and so preclude the impact of any adverse decree that might have resulted from the remand of the R.C. Chapter 2506 action. *Griffin v. Cty. School Bd. of Prince Edward Cty., Va.* (C.A.4, 1966), 363 F.2d 206, certiorari denied (1966), 385 U.S. 960, 87 S.Ct. 395, 17 L.Ed.2d 305.

We hold that, because at all times throughout the pendency of this litigation there was a court-ordered stay on further annexation proceedings, the February 1 annexation action by Fairview was invalid and Ordinance No. 88–7 is void.

Fairview's motion to dismiss for mootness is denied and this cause is reversed and remanded to the trial court for further proceedings.

*Judgment accordingly.*

JOHN V. CORRIGAN and FRANCIS E. SWEENEY, JJ., concur.