OPINION
This case presents a timely pro se appeal from the judgment of the Mahoning County Court of Common Pleas, Domestic Relations Division, granting a divorce to the parties. For the following reasons, this Court affirms the judgment of the lower court.
Carmen John Leone ("Appellee") and Dorothy Jean Leone ("Appellant") were married on June 29, 1957, in Youngstown, Ohio. They have eleven emancipated children. On August 21, 1997, Appellee filed a complaint for divorce in the Mahoning County Court of Common Pleas, Domestic Relations Division. On December 2, 1997, Appellant answered the complaint and filed a counter-claim, also seeking a divorce.
On February 23, 1998, Appellant filed a Petition for Conciliation asking that the trial court refer the matter for conciliation service pursuant to R.C. 3117.01, et seq. This petition was granted and the parties were interviewed by the court's Family Services Director on April 23, 1998. Based on the results of that interview, the trial court found no basis for conciliation.
On June 17, 1998, a hearing was held where the parties entered into an Agreed Judgment Entry which terminated the marital relationship. This Agreed Judgment Entry states in relevant part:
 "a. That the marriage contract heretofore existing between the parties be and the same is hereby dissolved and the parties are hereby released from the obligations of the same and they are hereby divorced.
* * *
 THE PARTIES HERETO ACKNOWLEDGE THAT THIS IS AN AGREED JUDGMENT ENTRY AND WAIVE ANY RIGHTS THAT THEY MAY HAVE TO APPEAL THE ORDERS CONTAINED HEREIN."
(Capitals in original).
This Agreed Judgment Entry was signed by Appellant, Appellee and their respective counsel.
Notwithstanding the language contained in the agreed judgment order, on July 14, 1998, Appellant filed a pro se
Notice of Appeal with the trial court and filed a brief with this Court on September 22, 1998. Appellant's pro se brief contains the following:
 "`The purpose of conciliation is to save a marriage' (Baldwin's Ohio Domestic Relations Law, Page 117) [sic] at the pre-trial in Divorce case No. 97DR00691, I asked for conciliation. At the divorce trial on June 18, 1998, Judge Beth Smith granted a divorce. I am sorry I made Mr. Leone miserable in our marriage. I am sorry I spoke untruths at the trial that were struck from the record."
We must, at the outset, state that Appellant's assignment of error, such as it is, is overruled for failure to comply with the Ohio Rules of Appellate Procedure. App.R. 12(A) states in relevant part as follows:
 "(2) The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment of error separately in the brief, as required under App.R. 16(A)."
App.R. 16(A) states in relevant part as follows:
 "The appellant shall include in its brief, under the headings and in the order indicated, all of the following: (1) A table of contents, with page references. (2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited. (3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected. . . . (7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. . . ."
Since Appellant has failed to articulate any alleged error supported by the record, a presumption of regularity attaches to the trial court's decision which Appellant has failed to overcome. See, Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313; Holley v. Higgins (1993), 86 Ohio App.3d 240.
Appellant has not set out an exact assignment of error. While we ordinarily accord some leeway to pro-se litigants, they are still held to the rules and procedures of this Court. Appellant has not followed these but we will attempt to address her appeal, nonetheless.
Appellant appears to be arguing that the trial court improperly denied her request for a conciliation hearing pursuant to R.C. § 3117.01, et seq. Based on our understanding that this is what Appellant is arguing, this Court overrules the assignment of error.
Again, the record before us indicates that this matter was referred for a conciliation hearing which took place before Luis Arroyo, the trial court's Family Services Director, on April 23, 1998. (Judgment Entry, May 19, 1998). Based on the recommendation of Mr. Arroyo, the trial court found no basis for reconciliation and trial was set to commence on June 16, 1998. Appellant's argument to the contrary has no merit.
If our interpretation of the Appellant's assignment is incorrect, then we can only determine that Appellant is appealing the actual decision of the trial court to grant a divorce to the parties based on the Agreed Judgment Entry. Again, this Entry was signed by Appellant and her counsel. Based on this understanding of Appellant's argument, we also must overrule the assignment of error. It is axiomatic that a party may not appeal a judgment to which it has agreed. Jacksonv. Jackson (1865), 16 Ohio St. 163, syllabus paragraph one; Inre Annexation of Riveredge Twp. to Fairview Park (1988), 46 Ohio App.3d 29,31-32.
For all of the foregoing reasons, Appellant's sole assignment of error is overruled and the judgment of the Mahoning County Court of Common Pleas, Domestic Relations Division, is hereby affirmed.
VUKOVICH, J., concurs.
DONOFRIO, J., concurs.
APPROVED:
 ___________________________________ CHERYL L. WAITE, JUDGE