OPINION
Defendants, Ronald C. Saunders and Anita S. Saunders, appeal from a final judgment in favor of Plaintiffs, Board of Commissioners of Montgomery County, Ohio ("Board"), in an appropriation action.
Defendants own a parcel of land in Clay Township, Montgomery County. The Board initiated the underlying action on March 27, 2000 in the court of common pleas, seeking one temporary and two permanent easements on Defendant's land in order to construct a drainage improvement. After a hearing, the court on September 14, 2000, found for the Board on the issue of "necessity." R.C. 163.09. On October 26, 2000, the court entered judgment on an agreed entry, finding that the value of the easements sought is $3,500 and awarding judgment for the Defendants in that amount. Defendants filed a timely notice of appeal from the judgment of October 26, 2000.
Six months later, on May 14, 2001, Defendants asked the trial court to enjoin the Board from proceeding with the project. The court denied the request. No appeal was taken from that decision. The project is now complete.
The Saunders present three assignments of error. We will address the first two assignments together to better facilitate our discussion.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED THE COUNTIES' (SIC) MOTION THAT PREVENTED THE SAUNDERS FROM PRESENTING EVIDENCE THAT THE COUNTY DID NOT FOLLOW THE LAW.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ABUSES ITS DISCRETION WHEN IT FAILS TO FIND THE COUNTY COMMISSIONERS ABUSED THEIR DISCRETION BY NOT ATTRIBUTING BAD FAITH CONDUCT OF THE SOIL CONSERVANCY DISTRICT TO THE COUNTY COMMISSIONERS.
Ohio courts have long recognized that a court cannot entertain jurisdiction over purely academic, abstract, or otherwise moot questions. James A. Keller, Inc. v. Flaherty (1991), 74 Ohio App.3d 788. "[W]hen, pending proceedings in error in this court, an event occurs, without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error." Minerv. Witt (1910), 82 Ohio St. 237, syllabus. See also Mills v. Green
(1895), 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293.
The mootness doctrine contains two recognized exceptions. First, a case is not moot if the issues are capable of repetition, yet evading review.In re Suspension of Huffer from Circleville High School (1989),47 Ohio St.3d 12. Second, a court may address a moot issue if the caseinvolves a matter of great public or general interest. Id.
In Miner, supra, the plaintiffs sought to block the annexation of a village into the City of Cleveland. The Supreme Court refused to grant relief and dismissed the cause as moot because the annexation had already occurred. The court, in essence, refused to repeal the annexation of the village.
In a case similar to the case before us, Walouke v. Mentor Board ofBuilding and Zoning Appeals-City of Mentor (December 28, 1984), Lake App. No. 10-136, unreported, the zoning board granted a variance to build a garage on the owner's property. Neighbors objected to the variance at a public meeting but did not apply for a stay while the matter was appealed to the common pleas court. The owner constructed the garage in conformity with the variance while the appeal was pending. The common pleas court dismissed the appeal as moot and the court of appeals affirmed, holding that a reversal of the zoning board's decision could not affect the matter at issue because the garage was already built. We believe the same rule applies here.
We are at a loss to determine what relief Appellants seek under these assignments, inasmuch as the work which the Saunders would have us prevent has already been completed. It would be nonsensical for us to require that the replacement drainage tiles be removed and the work be undone in order to cure the error assigned. Therefore, issues presented have been rendered moot by the completion of the project.
In addition, we find that this issue involves neither an issue capable of repetition but evading review, nor a matter of great public or general interest. Therefore, neither exception to the doctrine of mootness applies.
The issues raised under the first and second assignments of error are moot. The assignments of error are overruled.
 THIRD ASSIGNMENT OF ERROR THE SAUNDERS SHOULD BE ALLOWED TO PLEAD DAMAGES TO FUTURE USE WHERE THE FUTURE USE IS CONTEMPLATED BEFORE THE TAKING.
On October 26, 2000, the trial court issued a final judgment and termination entry, which stated in part:
 The parties hereto having stipulated and agreed that the value of the temporary construction easement and two permanent easements, which easements were sought to be appropriated by the Plaintiff [Board] in this lawsuit and are described by Exhibit A, as well as all damage to the residue, is THREE THOUSAND FIVE HUNDRED DOLLARS ($3500.00), which amount this Court finds to be the reasonable and correct value of the easements and damage and represents full and complete compensation for same.
It is well-established in Ohio that a party may not appeal a judgment to which he has agreed. Jackson v. Jackson (1865), 16 Ohio St. 163. "Where both parties have agreed, with the court's approval, to enter into stipulations for the record, and no objections to taking this action were made, this court will not consider appellant's objection on appeal." Inre Annexation of Territory of Riveredge Twp. to City of Fairview Park
(1988), 46 Ohio App.3d 29, 31.
The agreed entry which Defendants and the Board proffered to thecourt, stipulating that the value of the interests appropriated is$3,500.00, is conclusive of the issue of damages, which is the only issueto which evidence concerning future uses of the Defendant's propertymight relate. The stipulation avoids any need for a hearing on thedamages issue and waives any error in the judgment entered for theDefendants in that amount. The third assignment of error is overruled.
 Conclusion
Having overruled the assignments of error presented, we affirm the order from which this appeal was taken.
WOLFF, P.J., BROGAN, J., and GRADY, J., concur.