{¶ 26} I respectfully dissent from the majority's opinion for the following reasons.
 {¶ 27} First, there is no error for Cincinnati to complain of. Cincinnati's sole assignment of error states:
 {¶ 28} "The trial court erred in granting summary judgment in favor of plaintiffs-appellees, determining as a matter of law that plaintiffs-appellees are insureds entitled to um coverage arising by operation of law under the cincinnati umbrella policy."
 {¶ 29} On September 21, 2001, the trial court did, initially, grant summary judgment in favor of Teague. However, on July 22, 2002, the trial court granted Cincinnati's second motion for reconsideration and held that "genuine issues of material fact remain to be litigated with respect to who is an insured and what vehicles qualify for Uninsured Motorists/Underinsured Motorists coverage under the Cincinnati Insurance Company umbrella policy." This entry thus vacated the September 21, 2001 judgment entry. Therefore, even if the original grant of summary judgment in Teague's favor reflected an error of law, that error is not appealable because it was nullified by the trial court itself.
 {¶ 30} On appeal, Cincinnati disputes coverage under its policies. However, the trial court's final judgment was not premised on any coverage determination adverse to Cincinnati. The majority has incorrectly reasoned that the trial court in the final entry implicitly found that Teague was covered under the Cincinnati policy. Rather, Cincinnati consciously decided to forgo a trial and entered into an agreed judgment in which it admitted liability to Teague in the amount $2.5 million. The entry clearly states that it is "ORDERED, ADJUDGED and DECREED that final judgment be and is hereby entered in favor of the Plaintiffs against Defendant, Cincinnati Insurance Company in the sum of $2.5 million[.]" As the Ohio Supreme Court has noted, "From early in this state's history, we have held that a party participating in a consent judgment will not be allowed to appeal errors from that judgment." Sanitary Commercial Services, Inc.v. Shank (1991), 57 Ohio St.3d 178, 181, 566 N.E.2d 1215, citingWells v. Warrick Martin Co. (1853), 1 Ohio St. 386, paragraph one of the syllabus, and Jackson v. Jackson (1865),16 Ohio St. 163, paragraph one of the syllabus. This court acknowledged this principle in Leone v. Leone (Feb. 11, 2000), 7th Dist. No. 98 CA 135, when we held that "[i]t is axiomatic that a party may not appeal a judgment to which it has agreed." citing Jackson,
supra, and In re Annexation of Riveredge Twp. to Fairview Park
(1988), 46 Ohio App.3d 29, 31-32, 545 N.E.2d 1287.
 {¶ 31} Next, as to the issue of appealability, Teague acknowledges that the high-low settlement agreement references Cincinnati's intention to seek appellate review of the denial of their motion for summary judgment. However, nowhere in the agreement did Teague waive any argument on appeal or concede that Cincinnati's appeal would be proper.
 {¶ 32} In support of appellate review of this case the majority cites Continental Ins. Co. v. Whittington (1994),71 Ohio St.3d 150, 642 N.E.2d 615, and The Promotion Co.,Inc./Special Events Div. v. Sweeney, 150 Ohio App.3d 471, 476,2002-Ohio-6711, 782 N.E.2d 117, at ¶ 15, for the proposition that an order denying a motion for summary judgment is appealable where the alleged denial of summary judgment was based purely on a question of law that must be answered without regard to issues of fact. However, that principle is not applicable to the case at hand The implied denial of summary judgment as embodied in the trial court's July 22, 2002 judgment entry granting Cincinnati's motion for reconsideration is not the subject of this appeal. In addition the trial court held "general issues of material fact remained to be litigated." In any event, the subject of this appeal is the trial court's November 27, 2002 judgment entry in which Cincinnati agrees to enter into a $2.5 million judgment in favor of Teague.
 {¶ 33} Next, I would like to address my concerns with the high-low agreement. The majority relies on Ryll v. ColumbusFireworks Display Co. (Sept. 5, 2000), 10th Dist. Nos. 99AP-1061, 99AP-1311, for the proposition that the denial of summary judgment is subject to appeal where the parties enter into a high-low settlement agreement where all the issues have been decided. Ryll is distinguishable from the case at hand A key difference between Ryll and this case is the timing of the settlement. In Ryll, the settlement agreement was reached prior to the trial court deciding the legal issue of immunity. Therefore, it was the trial court's summary judgment rulings inRyll that ended the case, not the high-low settlement agreement. In this case, the settlement was reached after the trial court stated that there were genuine issues of material fact as to who and what vehicles were covered under the policy. Consequently, in this case, unlike in Ryll, no legal issues were ever decided by the trial court.
 {¶ 34} In conclusion, it was the November 27, 2002 agreed judgment entry, and not the prior rulings of the trial court, which conclusively determined Cincinnati's liability to Teague. While the high-low agreement could have been effectual in determining coverage, that question ultimately was never decided by the trial court. Instead Cincinnati sought to bypass proper judicial process by removing a matter that was for the trial court to first decide, to an appellate court to decide. Although it was Cincinnati's intent to seek appellate review of the denial of their motion for summary judgment this was not the proper procedure to achieve that result.
 {¶ 35} I would overrule Cincinnati's assignment of error and affirm the judgment of the trial court.